**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1541
_____

KAI D. INGRAM,
                                        Appellant

v.

SCI SMITHFIELD; C. GORMAN; SCI SMITHFIELD SUPERINTENDENT; SCI
SMITHFIELD DEPUTY SUPERINTENDENT; SCI SMITHFIELD COUNSELOR
AMY HINES; SCI SMITHFIELD UNIT MANAGER RUNK; SCI SMITHFIELD
PAROLE AGENT CASNER; SCI SMITHFIELD PAROLE AGENT KEBHEART;
PENNSYLVANIA STATE PAROLE BOARD; PENNSYLVANIA PAROLE
PRELIMINARY HEARING OFFICER; PAROLE SUPERVISOR SHANE C.
STROHECKER; PAROLE AGENT CLINT CAPRIO; DISTRICT DIRECTOR OF
PAROLE KIRK C. LOOSI; GREENE SCI SUPERINTENDENT; GREENE SCI
GRIEVANCE COORDINATOR; SCI SMITHFIELD LT. VAUGHN; SCI
SMITHFIELD L. HOLLIBAUGH
                        _____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-21-cv-00359)
District Judge:  Honorable Marilyn J. Horan
                        _____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2022
Before: MCKEE, GREENAWAY, Jr., and MATEY, Circuit Judges

(Opinion filed January 5, 2023)
_____

# OPINION[*]
_____

PER CURIAM

Kai Ingram, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action. For the reasons discussed below, we will affirm the judgment of the District Court.

Ingram filed a complaint pursuant to 42 U.S.C. § 1983 against SCI-Smithfield, the Pennsylvania Parole Board, and numerous individual defendants. Ingram alleged that on February 3, 2021, he surrendered himself to a parole office due to a failure to report. He was detained for several hours and then transferred to SCI-Smithfield. On February 10, 2021, a parole agent gave Ingram written notice of a parole violation. He had an initial hearing on February 22, 2021, where he expressed his concerns as to the legality of his detention.

On March 11, 2021, Ingram prepared his complaint, which claimed that his arrest and detention were illegal because the seven-day delay in receiving notice of a parole violation violated the Fourth Amendment and his right to due process. Ingram sought money damages and an injunction releasing him on an approved parole plan. The defendants moved to dismiss the complaint for failure to state a claim for relief. Ingram

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

later filed a motion for a preliminary injunction stating that he also sought a transfer to a halfway house.[1]

The District Court adopted the Magistrate Judge's reports and recommendations to deny preliminary injunctive relief and grant the defendants' motion to dismiss Ingram's complaint. The District Court ruled that: (1) Ingram's claims against SCI Smithfield, the Parole Board, and the individual defendants in their official capacities were barred by Eleventh Amendment immunity or Heck v. Humphrey, 512 U.S. 477 (1994); (2) his claims against the defendants in their individual capacities failed to allege their personal involvement; (3) his Fourth and Fourteenth Amendment claims were barred by Heck; and (4) his Fourteenth Amendment claim failed because he could not show prejudice from the alleged due process violation. The District Court also noted in its order that Ingram's allegations did not establish a Fourth Amendment violation. It denied leave to amend the complaint because amendment would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's dismissal of the complaint. Doe v. Princeton Univ., 30 F.4th 335, 341 (3d Cir. 2022).

As recognized by the District Court, Fourth Amendment claims for false arrest and

---

[1] The defendants attached to their motion a Parole Board decision dated March 25, 2021, finding that Ingram was a technical parole violator and recommitting him to a community correction center. According to Ingram, he was transferred to SCI-Greene before his revocation hearing, transferred to a community correction center thereafter, and then returned to SCI-Greene, where he is now confined, due to misconduct.

false imprisonment require that an arrest was made without probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995). Such claims concern only the period before the issuance of legal process. Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). Probable cause exists where the facts and circumstances "'were sufficient to warrant a prudent man in believing that [the person] had committed . . . an offense.'" Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005) (citation omitted).

In Pennsylvania, a parole agent has authority to arrest a parolee, without a warrant or process, for failing to report as required. See 61 Pa. Cons. Stat. § 6181 (2021) (replacing former § 6152). Ingram pleaded that he was arrested after he surrendered himself to a parole office because he had failed to report. His allegation supports an inference that there was probable cause for his arrest, not that probable cause was lacking. Ingram thus fails to state a Fourth Amendment claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring, in order to survive a motion to dismiss, factual content that allows a court to draw the reasonable inference that the defendant is liable).[2] Ingram relies on County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991), which held that judicial probable cause determinations made within 48 hours of a warrantless arrest satisfy the Fourth Amendment. McLaughlin, however, involved criminal prosecutions,

---

[2] We need not decide whether probable cause or a lesser standard applies to the arrest of a parolee because there was probable cause here.

4

not parole violations, and is inapplicable.  See Atkins v. City of Chicago, 631 F.3d 823, 833-34 (7th Cir. 2011) (Hamilton, J., concurring).

Ingram also fails to state a Fourteenth Amendment due process claim.  Due process in the context of parole revocation requires a preliminary hearing to determine whether there is probable cause or a reasonable ground to believe that the parolee has violated the conditions of parole.  Morrissey v. Brewer, 408 U.S. 471, 485 (1972).  This inquiry must be conducted "as promptly as convenient after arrest while information is fresh and sources are available."  Id.  The parolee should be given notice of the hearing and the alleged violations.  Id. at 486.  A revocation hearing must be held within a reasonable time after the parolee is taken into custody; a lapse of two months is not unreasonable.  Id. at 488.

Ingram has not cited, nor have we found, authority supporting the conclusion that due process requirements were not met based on the timing of the notice and hearings here.  And, in any event, as the District Court ruled, the lack of alleged prejudice is dispositive of Ingram's claim.  See, e.g., Sample v. Diecks, 885 F.2d 1099, 1113 (3d Cir. 1989) (providing that an injury is an element of a due process claim).  To the extent Ingram claims a due process violation based on his initial confinement at SCI-Smithfield, as opposed to in a community corrections center, he fails to state a claim for relief.  See Asquith v. Dep't of Corr., 186 F.3d 407, 411 (3d Cir. 1999) (stating the Due Process Clause does not protect an interest in confinement in a particular facility).

Ingram contends that he should have been granted leave to amend his complaint, but he has not called into question the conclusion that amendment would be futile. Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.  <u>See</u> 3rd Cir. LAR 27.4 and I.O.P. 10.6.[3]

---

[3] Because we conclude that Ingram fails to state a claim under the Fourth or Fourteenth Amendments, it is unnecessary to address the District Court's additional rulings.